1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   JOHN L. CORRIGAN,

8                         Plaintiff,

9          v.

10  WSP OFFICER TIMOTHY KRON,
    WSP OFFICER CAMERON
11  IVERSON, CORRECTIONS
    FACILITY SARGENT SCOTT
12  PONOZZO, GRANT COUNTY
    DEPUTY PROSECUTOR DOUGLAS
13  R. MITCHELL, GRANT COUNTY,
    AND CHIEF JUSTICE BARBARA
14  MADSEN,

15                         Defendant.

NO:  13-CV-0116-TOR

ORDER GRANTING DEFENDANT
CHIEF JUSTICE MADSEN'S
MOTION TO DISMISS; DENYING
PLAINTIFF'S MOTION TO STAY

16

17       BEFORE THE COURT is Defendant Chief Justice Madsen's Rule 12(b)

18  Motion to Dismiss (ECF No. 19); and Plaintiff's Motion to Stay (ECF No. 27).

19  This matter was submitted for consideration without oral argument. The Court has

20  reviewed the briefing and the record and files herein, and is fully informed.

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION
TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 1

BACKGROUND

Plaintiff sued two Washington State Patrol Troopers, the Chief Justice of the Washington State Supreme Court, Grant County, the Grant County prosecutor, and a Corrections Facility Sergeant based on an incident arising out of a speeding infraction.  ECF No. 1.  Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983 against the officers for false imprisonment; false arrest; deprivation of liberty without due process of law; excessive force; conspiracy; malicious prosecution; failure to implement appropriate policies, customs and practices; and against Chief Justice Madsen for being the chair or co-chair of the Board of Judicial Administration which presumably adopted the Criminal Rules for Courts of Limited Jurisdiction which demonstrate "deliberate indifference on the part of policymakers to the constitutional rights of persons within the state of Washington." ECF No. 1 at 3, 10-11.  Chief Justice Madsen seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) and (5).  ECF No. 19 at 2.  Plaintiff moves to stay proceedings in light of the state's re-filing of the criminal failure to stop charges against him. ECF No. 29 at 1-2.

DISCUSSION

**A. Defendant Chief Justice Madsen's Rule 12(b) Motion to Dismiss**

Plaintiff Corrigan names Chief Justice Madsen only in Count V of his complaint.  ECF No. 1 at 10.  He alleges that the Chief Justice "co-chairs (or

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION
TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 2

chairs) the state's Board of Judicial Administration," and presumably holds her

responsible for the Washington Criminal Rules for Courts of Limited Jurisdiction

("CrRLJ").  Plaintiff Corrigan claims that the rules were "promulgated without too

much thought to the Fourth Amendment's right to due process and the Fifth

Amendment's right to a fair and impartial trial."  ECF No. 1 at 10.  He argues that

the rules "demonstrate a deliberate indifference on the part of policymakers to the

constitutional rights of persons within the state of Washington and were the cause

of the violations of plaintiff's rights alleged herein," and seeks a declaratory

judgment against the Chief Justice. ECF No. 1 at 11.  Chief Justice Madsen moves

to be dismissed from this action on grounds that (1) the Eleventh Amendment's

prohibition of suits against state officials in federal court precludes subject matter

jurisdiction; (2) Plaintiff has no "case or controversy" as required under Article III;

and (3) the requested relief is improper under principles of comity and because

Corrigan has an adequate remedy at law.  ECF No. 19 at 5.

   A motion to dismiss under Rule 12(b)(1) addresses the Court's subject

matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  When considering a Rule 12(b)(1)

motion challenging the substance of jurisdictional allegations, the Court may look

beyond the complaint. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).   The

burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. *See*

*Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION
TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 3

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

### 1. Eleventh Amendment Immunity

The United States Constitution's Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state…." "The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). This bar includes "a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (concluding that a municipal court is an arm of the state protected by Eleventh Amendment immunity); *see also Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103 (9th Cir. 1987) (finding that a Superior Court of California was an arm of the state). Eleventh Amendment immunity applies to suits brought against state officials, because "a suit against a state

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 4

official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and as such is "no different from a suit against the state itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment also bars 18 U.S.C. § 1983 civil rights claims against the state. *Quern v. Jordan*, 440 U.S. 332, 338 (1979); *Will*, 491 U.S. at 67. It precludes suits seeking declaratory or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Eleventh Amendment immunity can be waived. *Pennhurst*, 465 U.S. at 98. Washington, however, has not made such a waiver. *Edgar v. State*, 92 Wash.2d 217 (1979).

There is an exception for claims asserted against a state official in her official capacity for prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908). The relief requested must be prospective, to address a "continuing violation of federal law." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996). Furthermore, the state officer sued must have some "fairly direct" connection to the allegedly unconstitutional act; "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (1992).

Mr. Corrigan responds to Chief Justice Madsen's motion by arguing that case law supports the federal courts' ability to entertain declaratory judgment suits

against a state official despite the Eleventh Amendment, citing *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002).  ECF No. 21.  However, *Verizon* restates the rule above: "In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon*, 535 U.S. at 637 (finding that "Verizon's prayer for an injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling federal law—clearly satisfies our 'straightforward inquiry.'").  The Court must still examine Plaintiff's claim and determine if it alleges an ongoing violation of federal law and seeks prospective relief.[1]

Plaintiff also argued that declaratory relief is appropriate under *Steffel v. Thompson*, 415 U.S. 452 (1974).  *Steffel* stands for the proposition that federal declaratory relief is not *precluded* when a prosecution based on an allegedly unconstitutional state statute has been threatened, but is not pending.  *Id*. at 485.

---

[1] The Court notes that Chief Justice Madsen argues that the Plaintiff's complaint does not seek prospective relief. ECF No. 19 at 8-9. While this is true, the Plaintiff's Motion to Stay, which was filed after the Chief Justice's motion, notes that the charges against him have been re-filed in Grant County. ECF No. 27 at 2.

1  However, *Steffel* does not remove the requirement that the Plaintiff must allege

2  facts supporting a justiciable claim. *See Renne v. Geary*, 501 U.S. 312, 316 (1991).

3      Here, Plaintiff has failed to make more than a conclusory allegation that the

4  CrRLJ violate federal law; he simply states that the rules "exhibit a deliberate

5  indifference to the constitutional rights of persons in Grant County of due process

6  and a fair and impartial trial," that "discovery is inadequately and improperly

7  limited," and that "appeals are inadequately reviewed." ECF No. 1 at 11.  His

8  complaint provides no supporting exhibit, example, or analysis explaining how

9  they violate the Constitution or federal law, or how they are inadequate.  His

10  memorandum responding to Chief Justice Madsen's motion lists "unconstitutional

11  state statutes" as including those relating to "unmarked police vehicles," "speeding

12  determinations using SMDS," "restrictive discovery under Washington State's

13  Criminal Rules for Courts of Limited Jurisdiction," "Prompt determination of

14  probable cause for warrantless arrests," and "proper access to Bills of Particulars."

15  ECF No. 21 at 3.  However, the memorandum likewise includes no particulars as

16  to how these rules are unconstitutional.  Under *Sprewell*, the Court may "disregard

17  conclusory allegations and arguments which are not supported by reasonable

18  deductions and inferences."  266 F.3d at 988.  The Court can make no reasonable

19  deductions from Plaintiff's statements with which to infer that the rules are

20  unconstitutional.

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION
TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 7

Nor has the Plaintiff alleged a "fairly direct" connection between the Chief Justice and the injury he claims are due to the unconstitutional rules. As Defendants point out, the only connection Plaintiff has made is that the Chief Justice is a member of the state judicial committee that considers and enacts rules of criminal procedure.  ECF No. 1 at 9.  Such involvement should not subject her to liability for a lawsuit that arose out of laws with which she had no involvement—the state motor vehicle laws.

Accordingly, the Court finds that Plaintiff has alleged no ongoing violation of federal law nor a direct connection between the Chief Justice and his injury to qualify under the *Ex Parte Young* exception to Eleventh Amendment immunity.

### 2.  Plaintiff's Standing and Propriety of Relief Requested

Having decided that Chief Justice Madsen enjoys Eleventh Amendment immunity, the Court declines to consider all the other reasons she should be dismissed from this lawsuit as well.

### B. Plaintiff's Motion to Stay Proceedings

Plaintiff contends that the case should be stayed in light of the fact that the State has re-filed criminal charges against him. ECF No. 27 at 2. These charges, for failing to obey a law enforcement officer, were originally overturned on appeal and dismissed without prejudice.  *Id*.  Plaintiff contends that relitigation of the original criminal charge means that his federal claims may be subject to summary

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 8

dismissal under the doctrine stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 27 at 2.  Defendants maintain that the re-filed charges have no bearing on the Court's determination of whether defendants are entitled to qualified immunity and dismissal. ECF No. 29 at 2.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable." *Id.* (internal quotations omitted). It is within the discretion of the Court to stay civil proceedings when the interest of justice requires it.  *Id.*   While "courts must seek to accommodate the defendant's right against self-incrimination in a civil [] proceeding," courts should "explore all possible measures in order to 'select that means which strikes a fair balance ... and ... accommodates both parties.'" *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 643 (9th Cir. 2012) (citations omitted).

As the Defendants argue, while the *Heck*[2] doctrine may eventually preclude Plaintiff's civil lawsuit, the Defendants need not wait to seek dismissal for the

---

[2] Under *Heck*, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 9

conclusion of the plaintiff's re-filed criminal charges.  The Court has stayed discovery so that the defendants may obtain a ruling on the applicability of "qualified or absolute immunity."  ECF No. 25 at 4.  The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Nor has Plaintiff asserted any Fifth Amendment concerns with defending his criminal charge while moving forward with his civil complaint.  Accordingly, the Court finds no cause to grant Plaintiff's motion to stay.

**IT IS HEREBY ORDERED:**

1. Defendant Chief Justice Madsen's Rule 12(b) Motion to Dismiss (ECF No. 19) is **GRANTED**, with prejudice.  The Clerk of Court shall **TERMINATE** Chief Justice Madsen from the caption of this case.

2. Plaintiff's Motion to Stay Proceedings (ECF No. 27) is **DENIED**.

---

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 10

1    The District Court Executive is hereby directed to enter this Order and

2    provide copies to counsel.

3        **DATED** September 27, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT CHIEF JUSTICE MADSEN'S MOTION
TO DISMISS; DENYING PLAINTIFF'S MOTION TO STAY ~ 11